UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP, <br><br> Plaintiff, <br><br> v. <br><br> SUMANTA BANERJEE, <br><br> Defendant. | CASE NO. 09-CV-11672-WGY |

## AFFIDAVIT OF SEAN T. CARNATHAN IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)

I, Sean T. Carnathan, under oath, state as follows:

1. I am lead counsel for Plaintiff Tuckerbrook Alternative Investments, LP ("Tuckerbrook") in this matter.

2. Mr. Banerjee formerly worked as the portfolio manager for Tuckerbrook, which is an SEC regulated registered investment advisor under the 1940 Investment Advisor's Act and manages institutional assets in fund-of-hedge-funds and in single strategy hedge funds. Tuckerbrook is based in Marblehead, Massachusetts. Mr. Banerjee is neither a minor nor an incompetent person.

3. On October 6, 2009, Tuckerbrook filed its Verified Complaint with this Court, asserting claims against Mr. Banerjee for the breach of a settlement reached in resolution of a prior action in this Court, Tuckerbrook Alternative Investments, L.P. v. Banerjee, D. Mass. Docket No. 08-10636-PBS.

4. On November 30, 2009, Tuckerbrook served Mr. Banerjee in India with a copy of the Summons and Verified Complaint. The Return of Service has previously been filed with this Court and a true and accurate copy is attached hereto as Exhibit A.

5. Prior to serving Mr. Banerjee in India, Tuckerbrook tried to effect service on Mr. Banerjee at his residence in Connecticut. When Tuckerbrook learned that Mr. Banerjee had fled to India, it not only arranged service through a process server in India, but it also served Mr. Banerjee electronically by e-mailing to him a copy of Summons and Verified Complaint. A true and accurate copy of the e-mail from Kerry McCarron to Sumanta Banerjee dated November 2, 2009, is attached hereto as Exhibit B.

6. On February 5, 2010, after Mr. Banerjee had failed for months to answer or otherwise respond to the complaint against him, Tuckerbrook moved for a Default Judgment, a copy of which was again e-mailed to Mr. Banerjee at "baner@gmail.com." A true and accurate copy of the e-mail to Sumanta Banerjee dated February 5, 2010, is attached hereto as Exhibit C.

7. On February 23, 2010, this Court entered an Order of Default against Mr. Banerjee only to vacate it on March 9, 2010 pursuant to Mr. Banerjee's motion claiming he was unaware of the proceedings against him and was never served with a summons or complaint relative to this civil action. A true and accurate copy of the e-mail I sent to Sumanta Banerjee with copies of our Motion for Entry of Default Judgment dated February 24, 2010, is attached hereto as Exhibit D.

8. On March 24, 2010, Tuckerbrook filed a Motion to Deem Service of Process Effectuated based on Mr. Banerjee's own admissions that he was now aware of Tuckerbrook's lawsuit against him and had received a copy of the complaint and corresponding filings from the Court's Clerk.

9. On April 2, 2010, this Court allowed our Motion to Deem Service of Process Effectuated and ordered Mr. Banerjee to answer or otherwise plead within 45 days of the Court's order.

10. On April 23, 2010, this Court entered a ruling that it had acquired personal jurisdiction over Mr. Banerjee and further ordered Tuckerbrook to once again mail Mr. Banerjee a copy of the Complaint against him by certified mail to his residence in India.

11. On April 29, 2010, Tuckerbrook attempted to deliver said complaint to Mr. Banerjee's through DHL's international shipping services at his residence of 58/1 Ballygunje Circular Road, West Bengal, Kolkata-10 700019 in India. Mr. Banerjee, again, refused to accept delivery.

12. On April 30, 2010, DHL contacted Mr. Banerjee to inform him the delivery was from Tuckerbrook's attorneys at O'Connor, Carnathan & Mack and contained court ordered documents that were ordered to be delivered to him. Still, Mr. Banerjee refused to accept delivery and the original package was ultimately returned to its sender. A true and accurate copy of the Affidavit of Service is attached hereto as Exhibit E.

13. On the same date of April 30, 2010, I notified Mr. Banerjee via email that I planned to file the Affidavit of Service with this Court illustrating Mr. Banerjee's repeated refusals to accept service. In the same email, Mr. Banerjee was, again, provided with a copy of the complaint and summons against him by Word attachments. A true and accurate copy of the e-mail I sent to Mr. Banerjee dated April 30, 2010, is attached hereto as Exhibit F.

14. Earlier in this litigation, I discovered that Mr. Banerjee transferred title in his Weston, Ct home by quitclaim deed to Anant J. Gandhi and ZBAC, LLC. Although he denies it, this fraudulent transfer by Mr. Banerjee strongly suggests he knew about Tuckerbrook's lawsuit

3

last October when it was first filed with this Court. A true and accurate copy of the Town of Weston, CT Land Records, is attached hereto as Exhibit G.

15. I believe this fraudulent transfer is part of a pattern for Mr. Banerjee. In a related case between these same parties, the settlement of which is the subject of the present lawsuit, this Court ordered Mr. Banerjee to produce an accurate and complete financial presentation of his net worth. Mr. Banerjee's sworn affidavit is attached hereto as Exhibit H.

16. During our prior litigation with Mr. Banerjee, we discovered that he had delivered hundreds of thousands of dollars to his parents in India without disclosing such transfers to the Court. A true and accurate copy of Tuckerbrook's motion detailing Mr. Banerjee's blatant attempts to hide assets from the Court is attached hereto as Exhibit I.

17. Additionally, we discovered a certain email correspondence between Mr. Banerjee and his wife scheming to conceal assets and defraud the Court. A true and accurate copy of this email is attached hereto as Exhibit J.

18. Mr. Banerjee has, again, failed to answer or otherwise respond to the complaint against him within the time required by this Court and, therefore, is in default in this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF May, 2010.

                                                /s/ Sean T. Carnathan
                                                Sean T. Carnathan

## CERTIFICATE OF SERVICE

I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Affidavit of Sean T. Carnathan has been filed and served through the Court's electronic filing system, this 27th day of May, 2010 and that an electronic copy has been forwarded directly to the Defendant.

/s/ Sean T. Carnathan
Sean T. Carnathan