```
 1                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2
                                              Civil Action
 3                                            No. 09-11672-WGY

 4


 5   * * * * * * * * * * * * * * * *
                                     *
 6   TUCKERBROOK ALTERNATIVE          *
     INVESTMENTS, LP,                 *
 7                                    *
              Plaintiff,              *
 8                                    *
     v.                               *  **MOTION HEARING**
 9                                    *
     SUMANTA BANERJEE,                *
10                                    *
              Defendant.              *
11                                    *
     * * * * * * * * * * * * * * * *
12

13
                 BEFORE:  The Honorable William G. Young,
14                              District Judge

15
     APPEARANCES:
16

17         O'CONNOR, CARNATHAN and MACK LLC (By David
        B. Mack, Esq. and Sean T. Carnathan, Esq.), 1 Van
18      de Graaff Drive, Suite 104, Burlington,
        Massachusetts 01803, on behalf of the Plaintiff
19

20         GELB & GELB LLP (By Richard M. Gelb, Esq.
        and Daniel K. Gelb, Esq.), 84 State Street,
21      Boston, Massachusetts 02109, on behalf of the
        Defendant
22

23
                                         1 Courthouse Way
24                                       Boston, Massachusetts

25                                       May 9, 2011
```

1    **THE CLERK:**  Civil Action 09-11672, Tuckerbrook
2    Alternative Investments v. Banerjee.
3         **THE COURT:**  And would counsel identify themselves.
4         **MR. MACK:**  Good afternoon, your Honor.  David Mack
5    for the plaintiff.
6         **MR. RICHARD GELB:**  Richard Gelb and Daniel Gelb,
7    your Honor, for defendant.
8         **THE COURT:**  And I'll hear you.  This is your
9    motion?
10        **MR. RICHARD GELB:**  Yes, your Honor.
11        **THE COURT:**  I'll hear you.
12        **MR. RICHARD GELB:**  Thank you, your Honor.
13        Very simply, your Honor, the heart of the factual
14   allegations in paragraph 32 to 38, there are really no facts
15   stated in that.  Secondly, the Ashcroft case that we cited
16   on page 3 of our supporting memorandum says that "labels and
17   conclusions or a formulaic recitation of the elements of a
18   cause of action will not do."  There's no facts in the
19   Hassett affidavit.  They're conclusory.  The argument that
20   they paid our client money in connection with a settlement,
21   I don't think, there's no nexus shown.  It's not a
22   liquidated damages provision.  And I did mention to my
23   brother, actually Mr. Carnathan, your Honor, there's a
24   public file, so I don't think this is outside the pleading,
25   in the Alkek case, document 28, that I can hand up to the

1    Court.  And in that it's a joint motion for disclosure of
2    confidential information where Tuckerbrook and Alkek moved
3    jointly to have, give that information to Alkek because they
4    could not reach our client, Banerjee.  So they actually
5    moved in that case for --
6              **THE COURT:**  May I see it.  Let me speak with the
7    clerk a minute.
8              (Whereupon the Court and the Clerk conferred.)
9              **THE COURT:**  I guess I'm not clear.  What is this?
10   How does this relate here?
11             **MR. RICHARD GELB:**  Because the only allegation in
12   the complaint against Banerjee is that he gave confidential
13   information protected by a settlement agreement over to
14   Alkek, whereas Alkek and Tuckerbrook in the Texas case moved
15   jointly to allow Alkek to get that information.  Tuckerbrook
16   said they had no opposition, said the reason that they were
17   filing --
18             **THE COURT:**  No, thank you.  I understand.  I'll
19   hear you.
20             **MR. MACK:**  Your Honor, on three occasions in this
21   case, as your Honor may be well aware of the history, the
22   defendant's been defaulted twice and through affidavit
23   testimony on February 5th, February 24th and June 3rd of
24   last year, we submitted sworn testimony alleging that the
25   damages were at least the amount that have been, that were

```
 1   paid in settlement the breach of which forms the heart of
 2   this case.
 3           THE COURT:  Now, if I deny this where are we?
 4           MR. MACK:  If you deny this we're back in discovery
 5   at the outset of the case because the default orders have
 6   been lifted.
 7           THE COURT:  Yes.  Motion's denied.  And let's pick
 8   a trial date.  This is an '09 case, so we're not going to go
 9   on forever discovery.
10           How about trial in December of this year?
11           MR. MACK:  December?
12           THE COURT:  December.
13           MR. MACK:  Okay.
14           THE COURT:  It's on the running trial list for
15   December 2011.  That means that summary judgment must be
16   filed, motions for summary judgment must be filed no later
17   than the 1st of October.  Discovery will finish by that
18   date.  File a joint proposed case management schedule within
19   two weeks of today's date.
20           Thank you very much.
21           MR. MACK:  Thank you, your Honor.
22           MR. RICHARD GELB:  Thank you, your Honor.
23           (Whereupon the matter concluded.)
24
25
```

1        **C E R T I F I C A T E**

2

3

4        I, Donald E. Womack, Official Court Reporter for

5  the United States District Court for the District of

6  Massachusetts, do hereby certify that the foregoing pages

7  are a true and accurate transcription of my shorthand notes

8  taken in the aforementioned matter to the best of my skill

9  and ability.

10

11

12

13
             /S/ DONALD E. WOMACK 6-4-2012
14           _____
                    DONALD E. WOMACK
15                Official Court Reporter
                     P.O. Box 51062
16           Boston, Massachusetts 02205-1062
                  womack@megatran.com
17

18

19

20

21

22

23

24

25